**ORDERED in the Southern District of Florida on** 11/27/06.




Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 05-22440-BKC-RBR |
| Terminal Cash Solutions, LLC , | Chapter 11 |
| Debtor. _____/ | |

### ORDER DENYING ADMISSION OF SUMMARIES OF L. ALLAN GREENFIELD PURSUANT TO FEDERAL RULES OF EVIDENCE 612, 803(5), AND 1002.

THIS MATTER came before the Court on October 5, 2006 for the continued evidentiary hearing on Neil F. Garfield and Randy A. Nolte's ("Plan Proponents") Objection to Claim No. 32 filed by Lorne Allan Greenfield. The Court having reviewed the submissions, the file and heard arguments determines as follows:

The Plan Proponents objected to the admission of various exhibits sought to be introduced into evidence by Mr. Greenfield. The basis of these objections was that the summaries were prepared by Mr. Greenfield, without having produced the underlying documents. At first Mr. Greenfield sought to have the summaries admitted via Federal Rule of Evidence 1006, however this Court has ruled that they are inadmissable under that rule. *See In re: Terminal Cash Solutions*, No.05-22440-BKC-RBR, Order Denying Admission of Summaries of L. Allan Greenfield (entered at the same time as this order). After this ruling Mr. Greenfield shifted tactics and has sought to admit the summaries pursuant to Federal Rule of Evidence 803(5) and 612.

Page 1 of 8

### I. The Documents are Inadmissible Under Federal Rule of Evidence 803(5)

Federal Rules of Evidence 803(5) permits the admission of a document if it is a record of a past recollection. The rule states:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

The rule has three essential elements: (i) the witness once had knowledge about the matters in the document; (ii) the witness' recollection is currently insufficient to testify fully and accurately and (iii) the record was made or adopted by the witness at a time when the matter was fresh in the witness' memory and reflected the witness' knowledge correctly. *See United States v. Collicott*, 92 F.3d 973, 984 (9th Cir. 1996); *See also* HON. BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL §803.5 (2006 ed.)(subdividing the rule into four elements: (i) the witness once had knowledge about the matters in the document; (ii) the witness now has insufficient recollection to testify fully and accurately; (iii) the record was made at a time when the matter was fresh in the witness's memory and (iv) the record accurately reflects the witness' knowledge.).

To satisfy the first prong, Mr. Greenfield must demonstrate that at some point he had knowledge about the matters in the document. It appears that Mr. Greenfield, did at one point, have extensive knowledge about the books, records and financial status of the debtor; if his testimony is taken at face value. *See Transcript of Record* at 395, *In re: Terminal Cash Solutions LLC* (Aug. 1, 2006) (C.P.281)(in response to the question "were you in possession, custody and control of the debtor's books and records - - of the LLC's books and records?" Mr. Greenfield stated "Yes"). Furthermore, Mr. Greenfield has testified that he himself prepared the documents

at issue. *See e.g. Transcript* at 717 (C.P.280)( Mr. Greenfield admitting that the summaries were prepared for the purpose of state court litigation and to support his claim.). Therefore Mr. Greenfield has satisfied the first prong.

The second prong of the test requires Mr. Greenfield to establish that he can no longer recall the information to testify fully and accurately. In *United States v. Judon*, a memorandum containing a description of a license plate was deemed to have been improperly admitted. *See United States v. Judon*, 567 F.2d 1289, 1294 (5th Cir. 1978). The court based its ruling partly on the failure to demonstrate "that the witness had insufficient recollection to enable him to testify fully and accurately at trial." *See id.* In Mr. Greenfield's case, he has established that indeed that he cannot recall the exact transactions, amounts and dates that occurred over the few years the company was operating. Therefore, again taking his testimony at face value, he has met the second prong.

The third prong can be subdivided into two parts. The first part requires that the record be made or adopted by the witness "at a time when the matter was fresh in the witness' memory..." *See United States v. Collicott*, 92 F.3d at 984. This requirement serves to prevent the admission of "statements carefully prepared for purposes of litigation under the supervision of attorney's, investigators, or claim adjusters." *See* M. GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE §6756 (Interim Ed.)(reproducing The Advisory Committee comments); *See also United States v. Judon*, 567 F.2d at 1294.

Mr. Greenfield fails under this prong. He created the summaries for the purpose of litigation. *See Transcript of Record* at 717. The summaries were created long after the transactions had occurred, and more importantly, they were made once the specter of litigation had arisen. This casts doubt on the veracity of the documents. As an example, Mr. Greenfield included in his expense summaries tickets to a movie theater, an expense which had nothing to do with the operation of the company. Furthermore, Mr. Greenfield decided which expenses he wished to

include in the report. Mr. Greenfield's summaries are therefore, exactly the type of document which so concerned The Advisory Committee and should not be admitted pursuant to Federal Rule of Evidence 803(5).

The second part of the last prong requires that "the record accurately reflect the witness' knowledge." *See* RUSSELL, *supra; See also Schnelling v. Agribiotech Inc.*, No. CV-S-02-0537-PMP (LRL), 2005 U.S. Dist. LEXIS 6465 (D. Nev. March 4, 2005) (refusing admission of a document because there was no evidence that the document accurately reflected the knowledge of the witness at the time the writing was made). In order to satisfy this inquiry Mr. Greenfield would have to demonstrate that his knowledge was accurately recorded. *See id.* However, the court is doubtful that the summaries are accurate, because they were prepared long after the transactions occurred. Furthermore, during his testimony on October 5 Mr. Greenfield admitted that there were extra expenses that did not have anything to do with the business, which were included in the summaries. This delay from the incurring of the expenses to their summarization, coupled with the inaccuracies in the summaries leads this Court to believe that Mr. Greenfield also fails to satisfy this part of the last prong.

Consequently, the summaries are inadmissible under Federal Rule of Evidence 803(5). The Court now turns to Federal Rule of Evidence 612.

## II. The Documents are Inadmissible Under Federal Rule of Evidence 612.

Federal Rule of Evidence 612, which is applicable to bankruptcy proceeding under Federal Rule of Bankruptcy Procedure 9017, permits a writing to be used to refresh the memory of a witness. *See* FED. R. EVID. 612.

Judge Learned Hand, in *United States v. Rappy*, neatly explained the rule. In his opinion he stated:

> When a party uses an earlier statement of his own witness to refresh the

> witness' memory, the only evidence recognized as such is the testimony so refreshed; and the party may not put the statement into evidence, although the other side may do so... This is a consequence of the general doctrine that corroboration of a witness by an earlier consistent version of his testimony is not competent. The conventional reason is that it does not give greater credence to a witness's story that he had said the same thing before..." *United States v. Rappy*, 157 F.2d 964, 967 (2d Cir. 1947).

This Court agrees with Judge Hand's statement, specifically that only the opposing party may introduce the summaries into evidence. The summaries can be used to jog Mr. Greenfield's memory but they cannot be read into evidence by him. *See In re: Reminic Ltd. P'sihp*, 9 B.R. 679,690 (Bankr. E.D. Va. 1981). This is in line with the holding by the 8th Circuit in *Hall v. American Bakers*. In that case the Court held that it "is error to allow a witness to testify at trial from prepared notes under the guise of refreshing recollection." *Hall v. American Bankers Co.*, 873 F.2d 1133,1136 (8th Cir. 1989); *accord* RUSSELL, *supra* at §612.2 (noting that "care should be taken to be sure that the witness is actually having his memory refreshed" rather than reading the document into the record).

Mr. Greenfield seeks to accomplish exactly what the 8th Circuit ruled against. He seeks to introduce the summaries, which he prepared in anticipation of litigation by "refreshing his recollection" with the documents and then reading them into the record. The summaries, as has already been established, were prepared while he was anticipating or preparing for the state court litigation. *See Transcript* at 717. Therefore Mr. Greenfield cannot read the summaries into evidence and they are not admissible under Federal Rule of Evidence §612.

### III. Federal Rule of Evidence 1001 (the Best Evidence Rule) Requires That The Originals Be Produced.

The Court, will take this opportunity to *sua sponte* address the issue of the summaries under Federal Rule of Evidence 1002, which is more commonly known as the "best evidence rule". This rule is made applicable to bankruptcy proceedings Federal Rule of Bankruptcy Procedure 9017. FED. R. BANKR. P. 9017. Rule 1002 states, in relevant part, "[t]o prove the contents of a writing... the original writing... is required except as otherwise provided in these rules or by law." FED. R. EVID. 1002.

The best evidence rule has a long history. The Supreme Court applied the principal of the rule, in 1869, under conditions which are similar to those facing this Court. In *Aetna Ins. Co. v. Weide*, the court was called upon to rule on the admissibility of a memorandum detailing inventory held by Mr. Weide. See *Aetna Ins. Co. v. Weide*, 76 U.S.677, 680 (1869). The books and ledgers had been destroyed along with the inventory in a fire. *See id.* The court stated, in allowing the memorandum to be introduced, "[t]hose inventories, if they had been in existence would have been the best evidence and, unless their loss was accounted for, must have been produced." *See id; accord United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994)( "[t]he purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing.").

A more recent Arizona Supreme Court ruling is also instructive on this issue. In *Mitchell v. Emblade*, the court stated "[t]he best evidence of what the books reflect are the books and the entries therein. When the books exist, one having no independent knowledge of the facts related therein cannot establish such facts by oral testimony." *Mitchell v. Emblade* 298 P.2d 1034,1038 (Ariz. 1956); *see also In re Gulph Woods Corp.*, 82 B.R. 373, 378 (Bankr. E.D. Pa 1988)(holding that if the offered documents are "inferior substitutes or summaries of more

detailed written records, then admission of these documents may be denied on the basis of the requirements" of the best evidence rule). The testimony, in *Mitchell*, was about how much loss the plaintiff had suffered as a result of a traffic accident rendering him unable to care for his business. *See id.* The court determined that he was not testifying from personal knowledge but rather from the records themselves and as a consequence his testimony should have been stricken. *See id.*

The *Weide* and *Mitchell* situations are similar to the issue currently before this court. Mr. Greenfield has the receipts, checks, and other such originals or permissible duplicates. Yet he wants to introduce summaries of these documents *in lieu* of the originals. However, unlike the *Wiede* case, there has been no calamitous event which would excuse Mr. Greenfield from producing of the originals. Further, just as in *Mitchell* Mr. Greenfield no longer has personal knowledge of all of the amounts disputed, as he has stated several times that he "cannot recall" or that he "needs to consult his summaries". His summaries are violative of the best evidence rule, suspect, and inaccurate and consequently will not be permitted to be introduced.

It is hereby **ORDERED and AJUDGED** that:

1. Mr. Greenfield's summaries are inadmissible under Federal Rule of Evidence 803(5).

2. Mr. Greenfield's summaries are inadmissible under Federal Rule of Evidence 612.

3. Mr. Greenfield's summaries violate Federal Rule of Evidence 1002.

###

Clark shall provide copies to:

Kevin C Gleason, Esq
Mariaelena Gayo-Guitian, Esq