ORDERED in the Southern District of Florida on __11/27/06__.




Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 05-22440-BKC-RBR |
| Terminal Cash Solutions, LLC , | Chapter 11 |
| Debtor._____/ | |

## ORDER DENYING ADMISSION OF SUMMARIES OF L. ALLAN GREENFIELD

THIS MATTER came before the Court on August 1, 2006 and August 2, 2006 for the continued evidentiary hearing on Neil F. Garfield and Randy A. Nolte's ("Plan Proponents") Objection to Claim No. 32 filed by Lorne Allan Greenfield. The Court having reviewed the submissions, the file and heard arguments determines as follows:

The Plan Proponents objected to the admission of various exhibits sought to be introduced into evidence by Mr. Greenfield. The basis of these objections was that the summaries were prepared by Mr. Greenfield without having produced the underlying documents to support those summaries.

The case has so far unfolded as follows. On January 31, 2006 the Court entered a Scheduling Order (C.P. 216). It provided that discovery was to be completed by March 15, 2006 and the evidentiary hearing would be on March 30, 2006. (C.P. 216). The discovery cut-off dates were subsequently extended by Court Order until March 27, 2006. (C.P. 248). Prior to his

deposition Mr. Greenfield produced binders #1 and #2. However, at the March 30, 2006 hearing, during the cross examination of Mr. Garfield, Counsel for Mr. Greenfield produced several additional documents which had not been disclosed or included in the previous binders. See C.P. 278 at 3.

The hearing was continued to June 6, 2006. During this hearing the Court ruled that the summary of Binder #1 and #2 was inadmissable. See C.P. 278 at 3-4 (noting with great detail what happened with each summary at the June 6, 2006 hearing). The hearing was then continued again to August 1 and 2, 2006. Where Mr. Greenfield sought to introduce documents which (i) had not been provided in response to discovery; (ii) had not been submitted to opposing counsel by the scheduling order deadline; and (iii) had not been offered or contained in Binders #1 and #2 at the commencement of the March 30th hearing.

Pursuant to Federal Rule of Evidence 1006 and 803(6), which are made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9017, the admission of the summaries is denied for the following three reasons: (i) the original documents that form the basis for the summaries were not present at trial; (ii) the summaries which allegedly support Mr. Greenfield's position were not produced during discovery nor where they pre-marked and disclosed as trial exhibits; and (iii) the summaries were prepared by Greenfield after the trial commenced and after preparation of all Greenfield's pretrial exhibit and direct testimony.

**I. The Original Documents Forming the Basis of the Summaries Were Not Present at Trial.**

Under Federal Rule of Evidence 1006 the court "can require that the underlying documents actually be brought into court." *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) (citations omitted) . In the scheduling order (C.P. 216) the Court directed that all discovery was to be completed no later then March 15, 2006. The deadline was subsequently

extended until March 27, 2006. (C.P. 248). In the scheduling order the Court also required that the parties submit "pre-marked exhibits intended to be offered into evidence at the hearing." (C.P. 216). The order continues and states "sufficient copies must be provided so that a set is available for each party, the witness and the judge." *id.* The clear implication of this language is, that all required documents, which are intended to be used at trial must be provided by the appropriate date to the court and all parties. In essence, this order requires that all relevant documents must be in court. Mr. Greenfield has failed to comply with this order with respect to the documents which provide a basis for the summaries. These documents were not present in court pursuant to the scheduling order. *See* (C.P. 278 at 12) (noting that the underlying documents were not offered to opposing counsel, let alone the court, until after an objection to the summaries was raised during the evidentiary hearing); *see also Transcript of Record* at 717, *In re: Terminal Cash Solutions LLC* (Aug. 1, 2006) (C.P.281).

## II. The Summaries Were Not Produced During Discovery or Pre-Marked and Disclosed as Exhibits.

Federal Rule of Evidence 1006 "clearly contemplate[s] a pre-trial resolution of any issues that may be raised concerning the use of summaries." *United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir. 1977) (footnote 12); *See also* HON. BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL §1006.4 (2006 ed.) ("The trial judge will not be pleased if the presentation of evidence at trial is delayed while opposing counsel sifts through voluminous documents for the first time."). As such there are two periods where disclosure of evidence should occur, both of which are mandated by the scheduling order. *See* C.P. 216 (setting the cutoff date for all discovery and delineating how pre-marked exhibits are to be submitted). The first period is during discovery. The second, is disclosure as a pre-trial exhibit. The summaries, which Mr.

Greenfield has sought to introduce were not produced during either of those times.

Discovery "make[s] a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)(citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Courts have further held that "failure to produce material in response to legitimate discovery requests can constitute misconduct..." *Venture Indus. Corp. v. Autoliv ASP, Inc*, No. 05-1537, 2006 U.S. App. LEXIS 20114 at * 26 (Fed. Cir. Aug. 7, 2006).

During Discovery, Mr. Greenfield was served with a set of interrogatories and a request for production of documents. *See* C.P. 278 at 13; *see also* C.P. 142. Thereafter the Court entered an Order on September 22, 2005 (C.P. 145) which shortened the time allowed to respond to discovery requests to October 11, 2005. On November 1, 2005 the Plan Proponents filed a motion to compel production of documents requested in discovery. (C.P. 174). The Motion was subsequently granted on January 3, 2006. (C.P. 198). In response to the discovery requests and the Order to Compel production, Mr. Greenfield only produced binders #1 and #2. At no time during discovery did he produce the summaries he now seeks to introduce. *See Transcript of Record* at 387, *In re: Terminal Cash Solutions LLC* (Aug. 1, 2006) (C.P.281) (Mr. Gleason stating "[t]he binders... 1 of 2 and 2 of 2 are the discovery that was provided last year..." he then continues on "the documents... which are being offered as exhibits which were not included in the discovery are in yet a third binder."). Furthermore, in his interrogatories in response to the question " [p]lease state with particularity, what documents you provided your counsel for preparation of the filing of your claim?" Mr. Greenfield responded " [p]lease see the binders that were delivered to [Ms. Gayo-Guitain]". The binders that were delivered(Binders #1 and #2) did not contain the summaries at issue. *See* C.P. 278 at 8; *see also Transcript of Record* at 713-716, *In re: Terminal Cash Solutions LLC* (Aug. 2, 2006) (C.P.280)(Mr. Greenfield stating that in response to the discovery request of "any and all documents to support your

entitlement of member pay" he produced binders #1 and #2).

Apart from not producing the summaries during discovery Mr. Greenfield failed to pre-mark and file them as exhibits as required by Court Order. See C.P. 216. "The failure to submit an exhibit for introduction at trial until just days before the trial begins is sufficient reason to deny its admission." Gilbert v. Tulane University, 909 F.2d 124, 127 (5th Cir. 1990). The summaries were not only submitted after the deadline for exhibits had passed, they were brought up for the first time after trial had begun. See C.P. 278 at 2-3. (noting that Mr. Greenfield produced an additional binder (#3) during the March 30th hearing and then produced yet another (binder #4) at the June 6th hearing).

### III. The Summaries Were Prepared by Greenfield After The Trial Commenced and After Preparation of All of Mr. Greenfield's Pretrial Exhibits and Direct Testimony.

The Summaries are not admissible as business record under FED. R. EVID. 803(6). A report or document prepared in anticipation of litigation cannot be considered a business record. See In re: Big Wheel Holding Co., Inc., 223 B.R. 669, 672 (Bankr. D. Del. 1998). In that Chapter 11 case, one of the creditors moved to strike the affidavit of the controller of the debtor. See id. Attached to his affidavit, the controller included a report of the payments made to and shipments received from the creditor. See id. The controller admitted that the report was prepared "in anticipation of filing the adversary proceeding." See id. Consequently the court struck the report because it was "not a business record." See id.

By Mr. Greenfield's own admission the summaries, were prepared in anticipation of pending state court litigation and the submission of his claim in this case. See e.g. Transcript of

*Record* at 717, *In re: Terminal Cash Solutions LLC* (Aug. 1, 2006) (C.P.280)(In response to the question "[a]nd were they [the summaries] prepared for the purpose of the State Court Litigation and to support your claim?" Mr. Greenfield responded "Yes."); *See also id.* at 715 (in response to the question of "[a]nd now you seek to introduce these exhibits for the purpose of supporting your... claim?" Mr. Greenfield stated "It's supporting my claim."). More importantly, Mr. Greenfield admits that not only were the summaries not prepared in the course of business, but they summarize other documents, which may be business records. *See id.* at 716 (lines 19-22) (Mr. Greenfield's response stating "[t]hey are summaries made from the business records."). The reasonable conclusion from that statement, is that not even Mr. Greenfield believes the summaries to be business records. Consequently, these summaries cannot be considered business records because they were not prepared "in the course of a regularly conducted business activity." *See* Fed. R. Evid. 803(6) (stating that the business record exception to the hearsay rule applies only to documents, which are "kept in the course of a regularly conducted business activity"); *see also United States v. Metallo*, 908 F.2d 795,799 (11th Cir. 1990) (noting that a record can only be admitted pursuant to FED. R. EVID 803(6) if it is "kept in the ordinary course of a regularly conducted business activity").

Therefore it is hereby

> **ORDERED** that the summaries proffered by Mr. Greenfield for submission labeled for identification purposes as exhibits: AG, AH, AK, AR, AS are deemed inadmissable under: Federal Rule of Evidence 1006 and where appropriate Federal Rule of Evidence 803(6).

###

Clark shall provide copies to:

Kevin C. Gleason, Esq
Mariaelena Gayo-Guitian, Esq