ORDERED in the Southern District of Florida on  09/23/07  .



*Raymond B. Ray*
Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                             Case No. 05-22440-BKC-RBR

Terminal Cash Solutions, LLC ,                     Chapter 11

   Debtor.
_____/

### ORDER DENYING MOTION TO VACATE ORDER

THIS MATTER came before the Court on September 14, 2007, on the motion of Richman Greer P.A. (hereafter "Richman Greer"), to vacate this Court's Order (D.E. 354) entered on August 22, 2007 and to enforce Richman Greer's Charging lien. (D.E. 358). The Court has reviewed the file and specifically the record of the hearings on the objection to claim No. 32 held March 30, June 6, August 1-2 and October 5,6. For the reasons set out hereinafter the Court declines to vacate the Court's Order (D.E. 354) of August 22, 2007, and further finds that Richman Greer did not have a valid charging lien on the proceeds paid to Greenfield on claim No. 32.

This case was commenced as a voluntary Chapter 7 on April 25, 2005. It was converted to a chapter 11 proceeding on July 7, 2005. A chapter 11 plan was confirmed on September 21, 2005 (D.E. 139).

Page 1 of 5

Allan Greenfield an alleged creditor and principal of the Debtor was involved in state court litigation with Randy Nolte and Neil Garfield, the other principals of the Debtor. When the bankruptcy was filed this litigation continued through confirmation of the chapter 11 plan and the objection to claims proceedings. Greenfield was represented by Richman Greer and by Kevin Gleason in the chapter 7 and chapter 11 proceeding.

However, Gleason continued to represent Greenfield post confirmation on his heavily contested claim. Richman Greer did not participate in the objection to claim proceedings on Greenfield's claim. The issue raised by this motion(D.E. 358) is the validity of Gleason's charging lien and whether he should receive payment on it.

A charging lien is an equitable right held by an attorney "on recoveries obtained for his client in the suit for the services in which the charge is made." *Chancey v. Bauer*, 97 F.2d 293, 294 (5th Cir. 1938); *Hogben v. Wyndham Int'l, Inc.*, 2007 U.S. Dist. LEXIS 55792 at *23 (S.D. Fla. August 1, 2007). To impose a charging lien a court must find: (1) an express or implied contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien. *Hogben v. Wyndham Int'l, Inc.*, 2007 U.S. Dist. LEXIS 55792 at *24; *Zoberg v. Rosen*, 684 So.2d 828, 829 (Fla.3rd. Dist. Ct. App. 1996). These simple requirements are more complicated in a bankruptcy context. This is because a single bankruptcy case may have many different contested matters and adversary proceedings that are individually dealt with before the case is closed. Furthermore, it may take many years to resolve the entire bankruptcy case.

In order for a charging lien to be considered timely it must be filed before the

termination of the proceeding. *Flynn v. Sarasota County Pub. Hosp. Bd.*, 169 F. Supp. 2d 1363, 1369 (M.D. Fla. 2001)(*citing Brown v. Vt. Mut'l Ins. Co.*, 614 So. 2d 574, 580 (Fla. 4th DCA 1993)). In *In re Edghill*, the lawyer for the debtor in the state court divorce proceeding sought to impose a charging lien pursuant to an adversary proceeding in his former client's subsequent bankruptcy. *In re Edghill*, 113 B.R. 783, 784 (Bankr. S.D. Fla. 1990). The bankruptcy court denied the relief sought on the basis that the notice was untimely, because the attorney filed his charging lien 18 days after the close of the divorce action. *Id* at 785.

Allan Greenfield prepared and filed claim No.32 wherein he sought a total of $847,066.23. Greenfield prepared claim No.32 by himself, without the assistance from either counsel. When the chapter 11 plan was confirmed, the plan proponents (Garfield and Nolte) objected to claim No.32. This resulted in a contested matter known as the objection to claim proceeding. Greenfield was represented solely by Gleason in the objection to claim proceeding. This proceeding spanned six days of trial over eight months. Eventually, this proceeding resulted in an Order (D.E. 342) Sustaining Objection to Claim No.32, entered on October 28, 2007.

In the twenty (20) page opinion the Court extensively deals with Greenfield's claim and ultimately allowed the claim in the amount of $12,271.40. During the objection to claim proceeding Gleason filed a Notice of Charging Lien (D.E. 318). Specifically the Notice claims a Charging Lien on any distribution on the Greenfield claim. On August 2, 2007, Gleason filed his motion to award Attorney Fees and Costs on Charging Lien (D.E. 348). This was objected to by Greenfield. (D.E. 352). A hearing was held on August 17, 2007, which resulted in an Order (D.E. 354), dated August 22, 2007. This Order (D.E. 354)

adopted an agreement between Greenfield and Gleason and provided that the $12,271.49 allowed claim of Greenfield would be paid to Gleason as full satisfaction of any amounts due Gleason from Greenfield.

Richman Greer seeks vacate this Order (D.E. 354) and further seeks to have the Court award them a charging lien on the proceeds of the Greenfield claim. (D.E. 358). There are multiple problems with the Richman Greer position. The most glaring is that they never filed a Notice of Charging Lien until August 17, 2007. This is almost 21 months after they filed their ex-parte application for an order permitting them to withdraw as counsel for Greenfield (D.E. 178). The Order granting Richman Greer's application was entered on December 2, 2005. (D.E. 182). This Order (D.E. 182), was prepared by Richman Greer, provided that they shall no longer receive any pleadings or papers in this matter, and further provided that all future pleadings and papers shall be served on Kevin Gleason. (D.E. 182). Therefore they were not the attorney of record for Greenfield in 2006, when the objection to claim proceeding was tried and concluded. They played no role in the trial and therefore are not entitled to any interest in the proceeds arising from the trial.

Richman Greer's notice was untimely because it was filed after the Court had entered its final order on the Objection to Claim No. 32. Furthermore, Florida law is clear a charging lien is a right to collect against a recovery or judgment in the suit which the attorney is involved in. *Chancey v. Bauer, supra.* It strains credulity to suggest that Richman Greer would be entitled to a charging lien on the proceeds resulting from the objection to claim action, when they had no involvement, at all, in the objection to claims process.

Therefore it is hereby

**ORDERED** that Motion to *Vacate Dated August 22, 2007 and, Motion to Enforce Richman Greer's Charging Lien Dated January 5, 2006 Filed by Creditor Richman Greer PA* (D.E. 358) is **DENIED**.

###

Clark shall provide copies to:

Kevin C. Gleason, Esq
Office of the United States Trustee
Mariaelena Gayo-Guitian, Esq
Richman Greer P.A.